ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>LUIS ALBERTO MIRANDA BURGOS<br><br>Peticionario | TA2025CE00238 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>DVI2021G0003<br>DVI2021G0004<br>DVI2021G0005<br>DLA2021G0046<br>DLA2021G0047<br>DLA2021G0048<br><br>Sobre:<br>ART. 93(A) CP 1er GRADO (2 CS)<br>TENT. ART. 93(A) CP 1er GRADO, ART. 6.14 LEY 168 (3 CS) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparece ante esta Curia, por derecho propio,[1] el señor Luis Alberto Miranda Burgos (Sr. Miranda Burgos o peticionario) y solicita que revoquemos la *Resolución* que dictó el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 2 de julio de 2025. Mediante el referido dictamen, el foro primario denegó la *Moción al amparo de la Regla [de] Procedimiento Criminal 192.1* que instó el Sr. Miranda Burgos.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

**I.**

Por hechos acaecidos el 23 de noviembre de 2020, el Sr. Miranda Burgos fue acusado por dos cargos de asesinato en primer

---

[1] Se autoriza al Sr. Miranda Burgos a litigar como indigente.

grado, un cargo por tentativa de asesinato y tres infracciones al Artículo 6.14 de la Ley Núm. 168-2019, Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 466(m), a las cuales se le aplicó la pena duplicada que emana de su Artículo 6.01 de dicha ley. Tras la celebración del juicio, un jurado lo halló culpable de los seis cargos imputados. De conformidad, mediante *Sentencia* dictada el 21 de julio de 2023, el TPI condenó al Sr. Miranda Burgos a 99 años concurrentes por asesinato en primer grado y su tentativa, y a 30 años por las violaciones a la Ley de Armas, para un total de 129 años de reclusión.

Inconforme con el referido dictamen, el Sr. Miranda Burgos acudió previamente ante esta Curia mediante un recurso de apelación (Recurso Núm. KLAN202300741) y un panel hermano emitió *Sentencia,* el 4 de abril de 2024, confirmando el dictamen apelado. Tras solicitar sin éxito la reconsideración ante el Tribunal de Apelaciones, acudió en apelación ante el Tribunal Supremo. En respuesta, el 21 de junio de 2024, el Alto Foro acogió el recurso como petición de *certiorari* y lo denegó por falta de jurisdicción. A esos efectos, el 24 de septiembre de 2024, el Tribunal Supremo remitió el mandato correspondiente.

Surge del expediente que, el 20 de mayo de 2025, el Sr. Miranda Burgos instó ante el foro primario una solicitud al amparo de la Regla 192.1 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, en la cual suplicó que dejara sin efecto la sentencia condenatoria y ordenara su excarcelación. Fundamentó su petitorio en que, a su entender, la prueba desfilada durante el juicio estableció los elementos de la legítima defensa. Además, cuestionó la apreciación de la prueba que realizó el TPI, alegó que su sentencia condenatoria fue dictada en violación a sus derechos constitucionales y expuso que no tuvo derecho a una representación legal adecuada.

Según hizo constar el TPI en el dictamen recurrido, el Ministerio Público se opuso a lo antes mediante una *Moción en oposición a moción al amparo de la Regla 192.1 de Procedimiento Criminal,* en la cual expuso que, los argumentos que señaló el Sr. Miranda Burgos en su petitorio fueron atendidos y adjudicados al entretener el recurso de apelación previamente instado.[2] Tras evaluar las posturas de ambas partes, el foro primario denegó el petitorio del Sr. Miranda Burgos.

Inconforme, el peticionario acude ante nosotros mediante el recurso de epígrafe, en el cual le imputa al TPI la comisión de cuatro (4) errores, a saber:

Erró [e]l Tribunal de Primera Instancia al no llevar a cabo el procedimiento adecuado seg[ú]n estipulado en la Regla 192.1 inciso (b) Notificación y vista: donde establece que [...]

Erró el Honorable Tribunal de Primera Instancia al considerar y resolver dicha moci[ó]n sin la presencia del solicitante en la vista ya que el mismo plante[ó] cuestiones de hecho que requer[í]an su presencia. (Cita omitida.)

Erró el Honorable Tribunal de Primera Instancia al validar los argumentos por parte [del] Ministerio P[ú]blico[...]

Erró el Tribunal de Primera Instancia al determinar que luego de un examen exhaustivo de los escritos presentados por las partes de la totalidad de los expedientes y de la sentencia del 4 de abril de 2024, dictada por el Tribunal de Apelaciones, entendemos que todos los planteamientos presentados por el convicto ya fueron atendidos por el Tribunal de Apelaciones en su sentencia y que cada uno de los señalamientos presentados al tribunal fueron atendidos extensamente por el Tribunal de Apelaciones, que sostuvo la evaluación de la prueba por parte del jurado y determinar que no están presentes ninguno de los fundamentos establecidos en la Regla 192.1 de Procedimiento Criminal.

En respuesta a nuestra *Resolución,* notificada el 11 de agosto de 2025, el Ministerio Público compareció ante esta Curia mediante su *Escrito en Cumplimiento de Resolución.* Allí discute que el foro

---

[2] Puntualizamos que, la referida comparecencia del Ministerio Público no obra en el expediente ante nuestra consideración.

primario actuó conforme a derecho al no celebrar una vista para dilucidar los méritos de la moción bajo la Regla 192.1, ante la inexistencia de un remedio disponible bajo dicha regla. Añade que, a través de su petitorio bajo la Regla 192.1, *supra,* el peticionario intenta plantear defensas y argumentos previamente atendidos y adjudicados ante los foros judiciales en todos los niveles, invocando violación a sus derechos constitucionales.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023); *Pueblo v. Rivera Montalvo,* 205 DPR 352 (2020).

### B. Regla 192.1 de Procedimiento Criminal

La Regla 192.1 de las Reglas de Procedimiento Criminal, *supra,* permite que un convicto impugne una sentencia condenatoria en su contra a pesar de que esta haya advenido final y firme. *Pueblo v. Rivera Montalvo,* supra, en la pág. 371. Por tanto, el mero hecho de que la sentencia sea final y firme no es un argumento que derrote el derecho de un convicto en la etapa posterior a la apelación a atacar colateralmente su sentencia. *Íd.* Los fundamentos para atacar una sentencia mediante este mecanismo se limitan a planteamientos de derecho. *Pueblo. v. Pérez Adorno,* 178 DPR 946, 966 (2010); *Pueblo v. Román Mártir,* 169 DPR 809, 824 (2007).

Entre los fundamentos disponibles para atacar una sentencia conforme a la aludida regla se encuentran los siguientes: "(1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (2) el tribunal no tenía jurisdicción para

imponer dicha sentencia; o (3) la sentencia impuesta excede de la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia." Regla 192.1 de las Reglas de Procedimiento Criminal, *supra*; *Pueblo v. Rivera Montalvo*, supra, a la pág. 371.

Como se sabe, el procedimiento establecido en la Regla 192.1 de Procedimiento Criminal, *supra,* es de naturaleza civil, por lo cual, le corresponde al peticionario demostrar que tiene derecho al remedio que solicita. *Pueblo v. Román Mártir*, supra, pág. 826. Una moción fundamentada en esta regla debe presentarse ante el tribunal que dictó la sentencia impugnada. *Íd.* Además, debe incluir todos los datos y argumentos de derecho concretos en aras de persuadir al tribunal sobre la necesidad de celebrar una vista, so pena de que los fundamentos omitidos se entiendan renunciados. *Íd.* Le corresponde al tribunal sentenciador determinar si procede anular, dejar sin efecto o corregir el dictamen emitido. *Íd.* Si el tribunal determina que la moción procede, puede discrecionalmente, "dejar sin efecto la sentencia, ordenar la excarcelación del convicto y su puesta en libertad, dictar nueva sentencia o conceder un nuevo juicio, según proceda." (Nota omitida). *Pueblo v. Román Mártir*, supra, a la pág. 824.

Sobre este tema, una vez el peticionario presenta una solicitud bajo esta regla, el foro primario "señalará prontamente la vista de dicha moción. Solo podrá denegar la solicitud sin celebrar la vista cuando la moción y los autos del caso *concluyentemente* demuestren que la persona no tiene derecho a remedio alguno. [...] Nótese que la regla no confiere discreción al tribunal para negarse a celebrar la vista, pues si de la moción y del expediente del caso no surge concluyentemente que la persona no tiene derecho al remedio que

confiere la Regla, el tribunal está obligado a celebrarla." (Énfasis y comillas omitidas.) *Pueblo v. Rivera Montalvo,* supra, a la pág. 375.

### III.

En su recurso, el peticionario transcribe extensamente las disposiciones legales que regulan este asunto y hace referencia al resumen de la transcripción de la prueba oral que incluyó junto a su petitorio bajo la Regla 192.1, *supra,* en el cual, identificó los presuntos errores que cometió el foro primario en la apreciación de la prueba, sin aplicar la doctrina de la legítima defensa que a su entender le cobija.

En el pronunciamiento recurrido, el foro primario hizo constar que no están presentes los criterios de la Regla 192.1 de Procedimiento Criminal, *supra.* El TPI consideró que, el Sr. Miranda Burgos no demostró que la celebración de una vista era imprescindible para atender sus reclamos, según lo requirió el Alto Foro en *Pueblo v. Román Mártir,* 169 DPR 809, 826-827 (2007). Como fundamento para denegar el petitorio ante sí, el TPI dictaminó:

> [d]e un examen exhaustivo de los escritos presentados por las partes, de la totalidad de los expedientes y de la Sentencia del 4 de abril de 2024, dictada por el Tribunal de Apelaciones, entendemos que todos los planteamientos presentados por el convicto ya fueron atendidos por el Tribunal de Apelaciones en su Sentencia. Cada uno de los señalamientos presentados al tribunal fueron atendidos extensamente por el Tribunal de Apelaciones, que sostuvo la evaluación de la prueba por parte del jurado.

Cabe puntualizar que, el peticionario no nos puso en posición de dictaminar que el foro primario incurrió en error manifiesto o actuó de forma arbitraria, caprichosa o imparcial al denegar su *Moción al amparo de la Regla [de] Procedimiento Criminal 192.1,* bajo el fundamento de que no están presentes ningunos de los criterios que provee dicha regla para su aplicabilidad.

Al amparo de los principios para la expedición del auto de *certiorari* que dispone la Regla 40 de nuestro Reglamento, *supra,* y la normativa que regula la procedencia de un remedio al amparo de

la Regla 192.1 de Procedimiento Criminal, *supra,* nos abstenemos de ejercer nuestra función revisora sobre este asunto.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari,* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones